IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM R. HOLT,

    **Plaintiff,**

    v.                                                     CASE NO. 18-3284-SAC

JOE NORWOOD, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is an inmate at El Dorado Correctional Facility-Central in El Dorado, Kansas ("EDCF"). This matter is before the Court on Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 2), Motions for Preliminary Injunction and Temporary Restraining Order (Docs. 3, 7), and Motion to Appoint Counsel (Doc. 4).

### I. Nature of the Case

Plaintiff alleges in his Complaint (Doc. 1) that he was notified on August 13, 2018, that he had a hold or warrant in Clay County, Missouri, Warrant No. 16-CYARW-817, Case No. 16-CY-CR06976. On August 14, 2018, Plaintiff gave Ms. Gadberry, a mental health provider, a Form-9 to give to Records, requesting that his 180-day writ be filed in Clay County, Missouri, to invoke his speedy trial rights. On August 15, 2018, UTS Fuoss[1] returned the form to Plaintiff, asserting that because his release date was December 3, 2018—before the expiration of the 180-days—Records was not allowing him to file the writ. UTM Randolph, the Chief Officer of B Cellhouse, refused to order Fuoss or the Records Clerk to file Plaintiff's 180-day writ, violating Plaintiff's

---

[1] Plaintiff refers to the defendant as "Fouss," but grievance documents attached to his pleadings show that his name is "Fuoss."

1

right to a speedy trial, equal protection, and due process. Plaintiff alleges that he is being denied equal protection because other inmates are receiving assistance from the staff counselor while he is being denied the same assistance. Plaintiff also alleges that the failure to file his 180-day writ denied him access to the courts, and that staff provided the incorrect mailing address for the Clay County District Court. Plaintiff alleges that he will no longer receive a fair and speedy trial in his Clay County, Missouri case.

Plaintiff alleges that M. Bos, Classification Administrator at EDCF, allowed Fuoss and the Records Clerk to remove Plaintiff's Form-9 from his grievance and refused to notify Missouri that Plaintiff requested his speedy trial on August 15, 2018. Plaintiff alleges that Defendants intentionally delayed the grievance response and that Defendant Bos responded that Plaintiff had failed to request his 180-day writ. On October 22, 2018, UTM Randolph provided Plaintiff with a copy of his appealed grievance to the Secretary of Corrections, with a sticky note attached which states "we are going to let him submit his 180 day writ. See if he will sign off. If not return to me." (Doc. 1–1, at 6.) Defendant Randolph asked Plaintiff to refile his 180-day writ showing a date of October 22, 2018. Plaintiff asked Randolph to correct the response given by Bos on October 26, 2018, as Randolph knew that the Form-9 was attached to the grievance when filed, but was removed by him or Fuoss prior to forwarding it to the Warden. Randolph refused to take corrective action and made numerous threats to Plaintiff.

Plaintiff also alleges that Defendants Jane and John Doe—the Clay County, Missouri Clerk and Judge—refused to order the appointment of legal counsel. Plaintiff names as Defendants: Joe Norwood, Secretary of Correction; UTM Randolph; John Doe, Clay County District Court Judge; Jane Doe, Clay County District Court Clerk; M. Bos, Classification Administrator; Paul Snyder, EDCF Warden; and A. Fuoss, Unit Team. Plaintiff's request for relief seeks an order providing

2

for an August 14, 2018 speedy trial date; a temporary restraining order enjoining Plaintiff's extradition to Missouri; and an order appointing counsel.

## II. Motion for Leave to Proceed In Forma Pauperis

Plaintiff has filed a motion for leave to proceed in forma pauperis (Doc. 2). Plaintiff's motion failed to provide the financial information required by federal law to support his motion. The Court issued a Notice of Deficiency (Doc. 10) directing Plaintiff to provide a certified copy of his trust fund account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of his Complaint. The Court will provisionally grant Plaintiff's motion to proceed in forma pauperis, subject to Plaintiff providing the financial information as directed in the Court's Notice of Deficiency.

## III. Motion for Appointment of Counsel and for PI/TRO

Plaintiff has filed a motion for appointment of counsel (Docs. 4, 5). Plaintiff's Motion for a Preliminary Injunction and Temporary Restraining Order (Doc. 7) also seeks to have counsel appointed in this case. Plaintiff alleges that he has had difficulty with staff filing his documents in previous cases, including their requirement that he only write on one side of the pages. Plaintiff also states that the issues are complex, he has no one to rely on for legal advice, and that he is currently in segregation with limited access to the law library.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461

F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motions without prejudice to refiling the motions if Plaintiff's Complaint survives screening.

## IV. Order to Show Cause

Plaintiff is ordered to show good cause why Defendants Jane Doe, Clay County District Court Clerk, and John Doe, Clay County District Court Judge, should not be dismissed for lack of personal jurisdiction. In addition to subject matter jurisdiction, the court must have authority or "personal jurisdiction" over the parties "so that the court's decision will bind them." *Hill v. Pugh*, 75 F. App'x 715, 718 (10th Cir. 2003). Due process requires "that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Garrett v. Klingner*, 12 F. App'x 842, 844 (10th Cir. 2001) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471–72 (1985) ("The Due Process Clause protects an individual's liberty interest in not being subject to the binding

4

judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'") (quoting *Int'l Shoe*, 326 U.S. at 319)). A court may "assert specific jurisdiction over an out-of-state defendant . . . if the defendant has 'purposefully directed' his activities at residents of the forum . . . and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id.* at 472 (citations omitted).

Plaintiff provides no basis in his Complaint for the Court to conclude that the Court has personal jurisdiction over these defendants. There are no grounds to support a finding that these defendants have the minimum contacts with Kansas to subject them to a lawsuit in this jurisdiction. In *Trujillo v. Williams*, the Tenth Circuit recognized that although § 1915 "contains no express authorization for a dismissal for lack of personal jurisdiction or venue, . . . the district court may consider personal jurisdiction and venue *sue sponte* . . . when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1216–17 (10th Cir. 2006).

**V. Motion for Preliminary Injunction and Temporary Restraining Order**

Plaintiff's motion at Doc. 3 seeks an order: enjoining his extradition to Missouri; appointing counsel; allowing Plaintiff to serve his post-release in Kansas; and determining that his start date for speedy trial purposes in his Clay County, Missouri case is August 14, 2018. Plaintiff alleges that on December 3, 2018, he was escorted to A&D at EDCF where he held his hand on the food pass, requesting his pain medication. Approximately fifteen minutes later Correctional Officers arrived at Plaintiff's cell, told him he violated his post-release, and issued a Disciplinary Report. On December 10, 2018, the Disciplinary Report was dismissed. Plaintiff refused to sign his post-release agreement for fear his extradition will waive his request for a speedy trial. Plaintiff alleges the post-release violation was assessed to intimidate Plaintiff into signing a new 180-day

writ and setting a new speedy trial date. Plaintiff alleges that KDOC's refusal to release him violates his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 9, at 3.) Plaintiff alleges that he is a protective custody inmate and Fuoss is threatening to release Plaintiff to general population which would place Plaintiff in danger.

The Court will order service on Defendants for purposes of responding to Plaintiff's motion at Doc. 3, and for purposes of providing a *Martinez* report. The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of EDCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of EDCF to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED BY THE COURT** Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is **provisionally granted**, subject to Plaintiff's compliance with the Court's Notice of Deficiency regarding submission of his 6-month account statement.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 4) and motion for preliminary injunction and temporary restraining order (Doc. 7) are **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **January 7, 2019,** in which to show good cause why Defendants Jane and John Doe should not be dismissed for lack of personal jurisdiction.

**IT IS FURTHER ORDERED** that**:**

(1) The Clerk of Court shall serve Defendants Norwood, Randolph, Bos, Snyder and Fuoss, under the e-service pilot program in effect with the Kansas Department of Corrections

("KDOC").

(2) Upon the electronic filing of the Waiver of Service Executed pursuant to the e-service program, KDOC shall have **sixty (60) days** to prepare the *Martinez* Report. Upon the filing of that report, the AG/Defendant shall have an additional **sixty (60) days** to answer or otherwise respond to the Complaint.

(3) Officials responsible for the operation of EDCF are directed to undertake a review of the subject matter of the Complaint:

    a. To ascertain the facts and circumstances;

    b. To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

    c. To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this Complaint and should be considered together.

(4) Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff. The KDOC must seek leave of the Court if it wishes to file certain exhibits or portions of the report under seal or without service on Plaintiff. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5) Authorization is granted to the officials of EDCF to interview all witnesses having knowledge of the facts, including Plaintiff.

(6) No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(7) Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter KDOC as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

**IT IS FURTHER ORDERED** that Defendants shall respond to Plaintiff's motion for preliminary injunction and temporary restraining order at Doc. 3 by **January 7, 2019.**

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 21st day of December, 2018.**

                                             <u>s/ Sam A. Crow</u>
                                             **SAM A. CROW**
                                             **U. S. Senior District Judge**