IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM R. HOLT,**

    **Plaintiff,**

    v.                                        CASE NO. 18-3284-SAC

**JOE NORWOOD, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the El Dorado Correctional Facility-Central in El Dorado, Kansas ("EDCF"). This matter is before the Court on Plaintiff's Motion for Preliminary Injunction/TRO (Doc. 3); Motion to Amend Motion for Preliminary Injunction/TRO (Doc. 22); Motion for Leave to Add Documentary Evidence to Record (Doc. 23); and Motion to Appoint Counsel (Doc. 25).

**I. Nature of the Case**

Plaintiff alleges in his Complaint (Doc. 1) that he was notified on August 13, 2018, that he had a hold or warrant in Clay County, Missouri, Warrant No. 16-CYARW-817, Case No. 16-CY-CR06976. On August 14, 2018, Plaintiff gave Ms. Gadberry, a mental health provider, a Form-9 to give to Records, requesting that his 180-day writ be filed in Clay County, Missouri, to invoke his speedy trial rights. On August 15, 2018, UTS Fuoss[2] returned the form to Plaintiff, asserting

---

[1] The Court provisionally granted Plaintiff ifp status, subject to his submission of his 6-month account statement. (Doc. 13, at 6.) Plaintiff has submitted his statement (Doc. 15) and the Court finds that Plaintiff is granted leave to proceed in forma pauperis without the requirement of an initial partial filing fee.

[2] Plaintiff refers to the defendant as "Fouss," but grievance documents attached to his pleadings show that his name is "Fuoss."

that because his release date was December 3, 2018—before the expiration of the 180-days—Records was not allowing him to file the writ. Plaintiff alleges that UTM Randolph, the Chief Officer of B Cellhouse, refused to order Fuoss or the Records Clerk to file Plaintiff's 180-day writ, violating Plaintiff's right to a speedy trial, equal protection, and due process. Plaintiff alleges that he is being denied equal protection because other inmates are receiving assistance from the staff counselor while he is being denied the same assistance. Plaintiff also alleges that the failure to file his 180-day writ denied him access to the courts, and that staff provided the incorrect mailing address for the Clay County District Court. Plaintiff alleges that he will no longer receive a fair and speedy trial in his Clay County, Missouri case.

Plaintiff alleges that M. Bos, Classification Administrator at EDCF, allowed Fuoss and the Records Clerk to remove Plaintiff's Form-9 from his grievance and refused to notify Missouri that Plaintiff requested his speedy trial on August 15, 2018. Plaintiff alleges that Defendants intentionally delayed the grievance response and that Defendant Bos responded that Plaintiff had failed to request his 180-day writ. On October 22, 2018, UTM Randolph provided Plaintiff with a copy of his appealed grievance to the Secretary of Corrections, with a sticky note attached that states "we are going to let him submit his 180 day writ. See if he will sign off. If not return to me." (Doc. 1–1, at 6.) Defendant Randolph asked Plaintiff to refile his 180-day writ showing a date of October 22, 2018. Plaintiff asked Randolph to correct the response given by Bos on October 26, 2018, as Randolph knew that the Form-9 was attached to the grievance when filed, but was removed by him or Fuoss prior to forwarding it to the Warden. Randolph refused to take corrective action and made numerous threats to Plaintiff.

Plaintiff also alleges that Defendants Jane and John Doe—the Clay County, Missouri Clerk and Judge—refused to order the appointment of legal counsel. Plaintiff names as Defendants: Joe

2

Norwood, Secretary of Correction; UTM Randolph; John Doe, Clay County District Court Judge; Jane Doe, Clay County District Court Clerk; M. Bos, Classification Administrator; Paul Snyder, EDCF Warden; and A. Fuoss, Unit Team. Plaintiff's request for relief seeks an order providing for an August 14, 2018 speedy trial date; a temporary restraining order enjoining Plaintiff's extradition to Missouri; and an order appointing counsel.

On December 21, 2018, the Court entered a Memorandum and Order (Doc. 13), granting Plaintiff until January 7, 2019, in which to show good cause as to why Defendants Jane and John Doe should not be dismissed for lack of personal jurisdiction. The Court also ordered Defendants to respond to Plaintiff's motion for preliminary injunction and tro at Doc. 3. Defendants have filed their Response (Doc. 17).

On January 9, 2019, the Court entered an Order (Doc. 20–1) denying Plaintiff's motion for leave to file under seal. The Court granted Plaintiff until January 22, 2019, to notify the Court whether he intends to withdraw the proposed sealed documents at Doc. 19, or to file them unsealed. The Court also granted Plaintiff until January 22, 2019, to further respond to the Court's show cause order or to file a reply to Defendants' Response at Doc. 17. In response, Plaintiff has filed a Reply (Doc. 21) and motion to amend motion for preliminary injunction/tro (Doc. 22)[3]; a Motion for Leave to Add Documentary Evidence to the Record (Doc. 23); a Response (Doc. 24) and Motion to Appoint Counsel (Doc. 25)[4]; a Supplement to Reply at Doc. 21 (Doc. 26); a Notice of State of Witness (Doc. 27); and a Supplement to Reply at Doc. 21 (Doc. 28).

## II. Motion to Amend Motion for Preliminary Injunction/TRO

Plaintiff's motion at Doc. 3 seeks an order: enjoining his extradition to Missouri; appointing counsel; allowing Plaintiff to serve his post-release in Kansas; and determining that his

---

[3] Plaintiff combined his Reply and motion in one document which was docketed at Doc. 21 and again at Doc. 22.
[4] The Response and Motion to Appoint Counsel were also combined in one document but docketed twice.

3

start date for speedy trial purposes in his Clay County, Missouri case is August 14, 2018. Plaintiff alleges that on December 3, 2018, he was escorted to A&D at EDCF where he held his hand on the food pass, requesting his pain medication. Approximately fifteen minutes later Correctional Officers arrived at Plaintiff's cell, told him he violated his post-release, and issued a Disciplinary Report. On December 10, 2018, the Disciplinary Report was dismissed. Plaintiff refused to sign his post-release agreement for fear his extradition will waive his request for a speedy trial. Plaintiff alleges the post-release violation was assessed to intimidate Plaintiff into signing a new 180-day writ and setting a new speedy trial date. Plaintiff alleges that KDOC's refusal to release him violates his Eighth Amendment right to be free from cruel and unusual punishment. (Doc. 9, at 3.) Plaintiff alleges that he is a protective custody inmate and Fuoss is threatening to release Plaintiff to general population which would place Plaintiff in danger.

Defendants filed a Response (Doc. 15) to the motion for preliminary injunction and tro, arguing that Plaintiff's request for relief is moot. Defendants' response alleges that Plaintiff was scheduled to be released from KDOC custody on December 3, 2018, but Plaintiff refused to sign the post release paperwork required to leave the facility. On the date of his release, Plaintiff's parole was revoked and he was entered back into KDOC custody. Because Plaintiff was technically released on December 3, 2018, all holds placed on him were withdrawn on that day and Plaintiff currently has no holds placed on him and no extradition requests have ever been made for Plaintiff. (Doc. 17, at 3; Doc. 17–1, at 2; Doc. 17–2, at 2.)

Plaintiff's motion to amend appears to be a proposed order setting a show cause hearing for his amended motion for preliminary injunction and tro. Plaintiff seeks to have Defendants show cause why a preliminary injunction should not be entered: enjoining Defendants from recharging Plaintiff in Clay County, Missouri, and from placing a hold on Plaintiff to face charges

in Clay County, Missouri; directing the Clay County Judge and Clerk to dismiss Clay County Case No. 16CY-CR06876; providing Plaintiff with legal counsel; ordering the release of Plaintiff from his post release violation; ordering Defendants to start his speedy trial date as of August 14, 2018, for his Clay County, Missouri case; ordering that Plaintiff's right to a fair trial has been violated; and ordering the dismissal of Clay County Case No. 16CY-CR06876. Plaintiff attaches a memorandum of law, arguing that Defendants have been acting in concert to deprive him of his due process and equal protection rights and to deprive him of his release on December 3, 2018. Plaintiff alleges that Defendants failed to notify him that he was on post release by serving him his post release papers. Plaintiff claims that he did not receive a copy of his post release paperwork until December 21, 2018. (Doc. 26–1, at 3.)

The Court denies Plaintiff's motion for preliminary injunction and tro (Doc. 3) and amended motion (Doc. 22). To obtain a preliminary injunction, the moving party must demonstrate four things: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tip in the movant's favor; and (4) that the injunction is in the public interest. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). "[A] showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004).

Plaintiff alleges that although Defendants claim that the issue is moot because his hold was lifted, he is "still under the threat of extradition for the untried Complaint and Information in Clay County Missouri Case No. 16CY-CR06876." (Doc. 23, at 2.)[5] Plaintiff's allegations do not establish that injury is certain and not theoretical, or more than merely feared as liable to occur in

---

[5] Plaintiff filed Doc. 23 as a Request for Leave to Add Documentary Evidence to the Record in Support of Complaint, TRO, and Motion for Counsel. The Court will grant Plaintiff's request at Doc. 23.

the future.  "To constitute irreparable harm, an injury must be certain, great, actual and not theoretical."  *Heideman v. S. Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotation marks omitted).  A preliminary injunction is only appropriate "to prevent existing or presently threatening injuries.  One will not be granted against something merely feared as liable to occur at some indefinite time in the future."  *State of Connecticut v. Commonwealth of Massachusetts,* 282 U.S. 660, 674 (1931).

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008).  A preliminary injunction is appropriate only when the movant's right to relief is clear and unequivocal. *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). Moreover, a federal court considering a motion for preliminary injunctive relief affecting the conditions of a prisoner's confinement must give "substantial weight to any adverse impact on public safety" and on prison operation.  18 U.S.C. § 3626(a)(2).  Finally, a mandatory preliminary injunction, such as the one sought by Plaintiff, which requires the non-moving party to take affirmative action, is disfavored and therefore requires the moving party to make a heightened showing of the four factors above.  *Little*, 607 F.3d at 1251.  Because preliminary injunctions and TRO's are drastic remedies—"the exception rather than the rule—plaintiffs must show that they are clearly and unequivocally entitled to relief." *Adrian v. Westar Energy, Inc.*, No. 11-1265-KHV, 2011 WL 6026148, at *3 (D. Kan. 2011) (citations omitted).

Most of the injunctive relief requested by Plaintiff involves requests for this Court to order action in his Clay County, Missouri case.  Plaintiff has not shown good cause why the Clay County judge and clerk should not be dismissed as defendants.  Plaintiff makes a conclusory statement that all the Defendants were acting in concert without any factual support.  Plaintiff asks this Court

to direct the state court in Missouri regarding his criminal case in that state. This Court has no supervisory or appellate authority to direct the state courts in the management of their dockets. *See Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) ("To the extent that [plaintiff] is seeking relief in the nature of mandamus, ordering Defendants to take action in their capacities as state judges, '[w]e have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties.'") (quoting *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n. 5 (10th Cir. 1986)); *see also Rivers v. King*, 23 F. App'x 905, 908 n.4 (10th Cir. Nov. 21, 2001) (unpublished) ("[T]his court has no jurisdiction to mandamus state officials because the statutory power to grant such writs is provided only against federal officials.").

The Court finds that Plaintiff has not met his burden to make a heightened showing that entry of a preliminary injunction is warranted; he has not demonstrated a likelihood of success on the merits such that his right to relief is clear and unequivocal. The Court previously found that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of EDCF. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court ordered the appropriate officials of EDCF to prepare and file a *Martinez* Report. (Doc. 13.) Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

### III. Motion for Appointment of Counsel

Plaintiff has filed a renewed request for appointment of counsel (Doc. 25). Plaintiff also asks for the appointment of counsel in other documents he has filed with the Court. *See, e.g.,* Doc. 21, 27. The Court previously denied Plaintiff's request for appointment of counsel. For the same reasoning set forth in the Court's Order at Doc. 13, the Court denies Plaintiff's renewed request for appointment of counsel without prejudice.

**IV. Sealed Document 19**

The Court denied Plaintiff's request to file Doc. 19 under seal, and ordered Plaintiff to inform the Court as to whether he intends to withdraw his proposed sealed documents at Doc. 19, or to file them unsealed. Plaintiff has indicated that he would like the Court to file the documents unsealed. *See* Doc. 24, at 3 ("It is my desire for the Court to unseal the Doc. # 19").

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Request for Leave to Add Documentary Evidence to the Record in Support of Complaint, TRO, and Motion for Counsel (Doc. 23) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff's motion for preliminary injunction and tro (Doc. 3) and amended motion (Doc. 22) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's renewed motion for appointment of counsel (Doc. 25), and any other requests for appointment of counsel, are **denied without prejudice**.

**IT IS FURTHER ORDERED** that Defendants Jane and John Doe are **dismissed.**

**IT IS FURTHER ORDERED** that the Clerk is directed to unseal Doc. 19.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 1st day of February, 2019.**

> s/ Sam A. Crow
> **SAM A. CROW**
> **U. S. Senior District Judge**