# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILLIAM R. HOLT,

     **Plaintiff,**

     **v.**                                      **CASE NO. 18-3284-SAC**

JOE NORWOOD, et al.,

     **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. At the time of filing, Plaintiff was an inmate at the El Dorado Correctional Facility-Central in El Dorado, Kansas ("EDCF"). On February 1, 2019, the Court entered a Memorandum and Order (Doc. 29) denying Plaintiff's motion for preliminary injunction and tro (Doc. 3); amended motion (Doc. 22); renewed request for appointment of counsel (Doc. 25); and Plaintiff's request to file Doc. 19 under seal. On March 6, 2019, the Kansas Department of Corrections ("KDOC") submitted a Martinez Report as ordered by the Court at Doc. 13. This matter is before the Court on Plaintiff's Motions to Amend Complaint (Docs. 31, 39); Motion to Requesting Additions to the Record (Doc. 33); and Motion for Default Judgment (Doc. 35).

## I. Nature of the Case

Plaintiff alleges in his Complaint (Doc. 1) that he was notified on August 13, 2018, that he had a hold or warrant in Clay County, Missouri, Warrant No. 16-CYARW-817, Case No. 16-CY-CR06976. On August 14, 2018, Plaintiff gave Ms. Gadberry, a mental health provider, a Form-9 to give to Records, requesting that his 180-day writ be filed in Clay County, Missouri, to invoke

his speedy trial rights.  On August 15, 2018, UTS Fuoss[1] returned the form to Plaintiff, asserting that because his release date was December 3, 2018—before the expiration of the 180-days—Records was not allowing him to file the writ.  Plaintiff alleges that UTM Randolph, the Chief Officer of B Cellhouse, refused to order Fuoss or the Records Clerk to file Plaintiff's 180-day writ, violating Plaintiff's right to a speedy trial, equal protection, and due process.  Plaintiff alleges that he is being denied equal protection because other inmates are receiving assistance from the staff counselor while he is being denied the same assistance.  Plaintiff also alleges that the failure to file his 180-day writ denied him access to the courts, and that staff provided the incorrect mailing address for the Clay County District Court.  Plaintiff alleges that he will no longer receive a fair and speedy trial in his Clay County, Missouri case.

Plaintiff alleges that M. Bos, Classification Administrator at EDCF, allowed Fuoss and the Records Clerk to remove Plaintiff's Form-9 from his grievance and refused to notify Missouri that Plaintiff requested his speedy trial on August 15, 2018.  Plaintiff alleges that Defendants intentionally delayed the grievance response and that Defendant Bos responded that Plaintiff had failed to request his 180-day writ.  On October 22, 2018, UTM Randolph provided Plaintiff with a copy of his appealed grievance to the Secretary of Corrections, with a sticky note attached that states "we are going to let him submit his 180 day writ.  See if he will sign off.  If not return to me."  (Doc. 1–1, at 6.)  Defendant Randolph asked Plaintiff to refile his 180-day writ showing a date of October 22, 2018.  Plaintiff asked Randolph to correct the response given by Bos on October 26, 2018, as Randolph knew that the Form-9 was attached to the grievance when filed, but was removed by him or Fuoss prior to forwarding it to the Warden.  Randolph refused to take corrective action and made numerous threats to Plaintiff.

---

[1] Plaintiff refers to the defendant as "Fouss," but grievance documents attached to his pleadings show that his name is "Fuoss."

## II. Motions

### A. Motion to Amend (Doc. 31)

On February 4, 2019, Plaintiff filed a Notice of Change of Address (Doc. 30), notifying the Court that he was transferred to the Butler County Jail in El Dorado, Kansas, and filed a "Affidavit and Request to Amend TRO" (Doc. 31) and Affidavit in Support (Doc. 32). Plaintiff claims he was booked into the Butler County Jail under the Clay County, Missouri, hold. Plaintiff asks the Court to amend his Complaint to add the Butler County Sheriff Herdet and/or Butler County District Judge John Doe. Plaintiff also asks the Court to amend his request for a TRO to add a request to enjoin the sheriff of Butler County from extraditing Plaintiff to Clay County, Missouri, to face charges in Case No. 16CYCR06876, and to order his release from his alleged illegal confinement. Plaintiff also claims that Butler County Jail officials are denying him access to the courts and pain medication. Plaintiff alleges that Defendants are attempting to transfer him to render moot the issues argued in his Complaint and request for TRO. Plaintiff asks the Court to prohibit his transfer until the Court can decide the merits of his request for a TRO. Plaintiff also requests the appointment of counsel.

### B. Motion Requesting Additions to the Record; and Reconsideration of TRO; Renewed Request for Counsel (Doc. 33)

Plaintiff asks the Court to reconsider his request for a TRO and to add his state petition for writ of habeas corpus under K.S.A. 60-1501 to the Court record. Plaintiff states that he believes defense counsel has misled the Court into believing that a hold was not placed on Plaintiff from Clay County, Missouri. Plaintiff also states that he has not received a copy of this Court's order denying his request for a TRO. Plaintiff once again asks this Court to stay his extradition until his state habeas action is resolved and to appoint counsel. Plaintiff alleges that he is in administrative segregation at Butler County Jail and has no access to the law library and is limited to mailing one

large or two small legal letters per week. Plaintiff also asks the Court to make extra copies of his motions, alleging that his court-appointed attorney in his state habeas action has refused to make extra copies.

**C.  Motion for Judgment by Default; Notice of Limited Access to Courts; and Supplemental Motion for Counsel (Doc. 35)**

Plaintiff alleges that he does not have a copy of Doc. 19 and restates his allegations regarding access to the courts and the denial of pain medication. Plaintiff states that he was ordered to proceed pro se in his state habeas action. Plaintiff alleges that he has limited paper to prepare motions. Plaintiff again asks the court to enter a TRO and to appoint counsel. Plaintiff asks the Court to enter a default judgment due to Defendants' failure to respond to Plaintiff's request for a TRO and amended complaint.

**D.  Motion to Amend (Doc. 39)**

Plaintiff seeks leave to file an amended complaint alleging a denial of access to the court and adding additional defendants. Plaintiff alleges that staff at the Butler County Jail are denying his access to the legal library and limiting him to two indigent envelopes and two pieces of paper and one golf pencil per week. Plaintiff seeks to add as defendants the Butler County District Attorney, the Clay County Prosecutor, and Butler County Sheriff Kelly Herzet. Plaintiff alleges that he has no access to paper to amend his complaint.

## III.  Discussion

The Court will grant Plaintiff's motion to amend at Doc. 39 to the extent that the Court will allow Plaintiff to file an amended complaint. Because Plaintiff alleges that he has limited access to paper, the Court will direct the clerk to provide Plaintiff with the forms and instructions for filing a § 1983 action. To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended

complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3284-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

Plaintiff is given time to file a complete and proper amended complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

Plaintiff has filed multiple requests for the appointment of counsel. The Court previously denied Plaintiff's request for appointment of counsel. For the same reasoning set forth in the Court's Order at Doc. 13, the Court denies Plaintiff's renewed requests for appointment of counsel without prejudice.

Plaintiff's request for a default judgment is denied. Plaintiff alleges that Defendants failed to respond to his request for a TRO and preliminary injunction at Doc. 31. The Court notes that

Defendants' Response to Plaintiff's original motion was docketed on January 7, 2019 (*see* Doc. 17) and the Court ruled on the motion on February 1, 2019 (Doc. 29).

Plaintiff continues to request a TRO and preliminary injunction. The Court denied Plaintiff's motion for preliminary injunction and TRO and amended motion on February 1, 2019. The Court will direct the clerk to provide Plaintiff with a copy of the Court's Memorandum and Order at Doc. 29. On April 4, 2019, Plaintiff submitted a Notice of Change of Address (Doc. 40) indicating he is now at the Clay County Detention Center in Liberty, Missouri. Therefore, any further requests by Plaintiff for a TRO or preliminary injunction are denied for the same reasons set forth in the Court's Memorandum and Order at Doc. 29, and they are also moot in light of Plaintiff's transfer.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend (Doc. 39) is **granted** to the extent that Plaintiff is granted until **April 26, 2019**, in which to file a complete and proper amended complaint, and **denied** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's motions (Docs. 31, 35) are **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion Requesting Additions to the Record; and Reconsideration of TRO; Renewed Request for Counsel (Doc. 33) is **granted** to the extent that Plaintiff's pleading is added to the docket, and **denied** in all other respects.

The clerk is directed to send Plaintiff a copy of Doc. 19, Doc. 29, and the forms and instructions for filing an action under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

**Dated in Topeka, Kansas, on this 5th day of April, 2019.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**