# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WILLIAM R. HOLT,

    Plaintiff,

    v.                                  CASE NO. 18-3284-SAC

JOE NORWOOD, et al.,

    Defendants.

## ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. On May 15, 2019, this matter was dismissed without prejudice under Fed. R. Civ. P. 41(b). (Docs. 46, 47.) This matter is before the Court on Plaintiff's Motion to Reopen (Doc. 52) and Supplement (Doc. 53).

On April 5, 2019, the Court entered a Memorandum and Order (Doc. 41) granting Plaintiff until April 26, 2019, in which to file a complete and proper amended complaint. Because Plaintiff failed to file an amended complaint by the deadline, the Court entered an Order to Show Cause (Doc. 42) ("OSC") granting Plaintiff until May 14, 2019, in which to show good cause why this action should not be dismissed without prejudice for failure to prosecute. The OSC was mailed to Plaintiff at his current address of record and was returned as undeliverable, with a notation that Plaintiff was no longer at the facility. (Doc. 45.) The Court's Local Rules provide that "[e]ach attorney or pro se party must notify the clerk in writing of any change of address or telephone number. Any notice mailed to the last address of record of an attorney or pro se party is sufficient notice." D. Kan. Rule 5.1(c)(3). Because Plaintiff failed to provide the Court with a Notice of Change of Address and failed to respond to the OSC within the allowed time, the Court dismissed this action without prejudice on May 15, 2019. (Docs. 46, 47.)

1

Plaintiff now asks the Court to reopen his case. Plaintiff alleges that on the way out of the Clay County Jail, he handed a jail officer a letter to the Court giving notice of his change of address around April of 2019. Plaintiff alleges that he was unaware that his case was dismissed. Plaintiff also alleges that he no longer has copies of his documents from this case. Plaintiff asks the Court to reopen his case, reconsider the judgment dismissing this action, allow discovery of all evidentiary documents, and to appoint counsel. The Court will grant Plaintiff's request to reopen this case. The Court directs the Clerk to provide Plaintiff with copies of Docs. 29, 41 and 42, and forms and instructions for filing an action under 42 U.S.C. § 1983. All other requests for copies of documents and for the appointment of counsel are denied. The Court has previously stated that: "Plaintiff has filed multiple requests for the appointment of counsel. The Court previously denied Plaintiff's request for appointment of counsel. For the same reasoning set forth in the Court's Order at Doc. 13, the Court denies Plaintiff's renewed requests for appointment of counsel without prejudice." (Doc. 41, at 5.)

**IT IS THEREFORE ORDERED THAT** this Plaintiff's Motion to Reopen (Doc. 52) is **granted in part.** The Court grants the motion to the extent that the Court reopens this case and vacates its Order and Judgment dismissing this action (Docs. 46, 47). The motion is **denied** in all other respects.

**IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to provide Plaintiff with copies of Docs. 29, 41 and 42, and forms and instructions for filing an action under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **December 23, 2019**, in which to either file a proper amended complaint as directed by the Court in Doc. 41, or to show

good cause, in writing, why this action should not be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute as set forth in Doc. 42.

**IT IS SO ORDERED.**

**Dated November 25, 2019, in Topeka, Kansas.**

**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**