# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WILLIAM R. HOLT,

    Plaintiff,

    v.                                     CASE NO. 18-3284-SAC

JOE NORWOOD, et al.,

    Defendants.

## ORDER

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. On May 15, 2019, this matter was dismissed without prejudice under Fed. R. Civ. P. 41(b). (Docs. 46, 47.) On November 25, 2019, the Court entered an Order (Doc. 54) reopening this case and vacating the Court's Order and Judgment dismissing this action. The Order also granted Plaintiff until December 23, 2019, in which to either file a proper amended complaint as directed by the Court in Doc. 41, or to show good cause why this action should not be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute as set forth in Doc. 42. The Order was entered and mailed to Plaintiff on November 25, 2019.

On November 27, 2019, the Court received a Notice of Appeal (Doc. 55) from Plaintiff dated November 25, 2019. The Court assumes that Plaintiff mailed his Notice of Appeal prior to receiving the Court's Order reopening his case and vacating the Order and Judgment dismissing this action. Plaintiff's Notice of Appeal states that he is appealing "from the final and any Judgments entered in this act [sic]." Because the judgment in this case was previously vacated, the notice of appeal is interlocutory.

There are no rulings in this case warranting certification of an interlocutory appeal. The Tenth Circuit Court of Appeals has jurisdiction to hear appeals only from "final decisions" of

district courts. *Larson-White v. Rohling*, No. 08-3246-SAC, 2008 WL 5427783, at *1 (D. Kan. Dec. 31, 2008) (citing 28 U.S.C. § 1291). "In light of this statutory limitation, interlocutory appeals are the exception and not the rule." *Id.* (citing *Myers v. Oklahoma Cty. Bd. of Comm'rs*., 80 F.3d 421, 424 (10th Cir.), *cert. denied*, 519 U.S. 963 (1996) (citing *Johnson v. Jones*, 515 U.S. 304, 308 (1995)); *see also Carpenter v. Boeing Co.,* 456 F.3d 1183, 1189 (10th Cir. 2006) ("Interlocutory appeals have long been disfavored in the law, and properly so.").

The Court must evaluate an interlocutory appeal under 28 U.S.C. § 1292(b), which provides for appeals from interlocutory decisions in limited circumstances. Section 1292(b) provides in pertinent part:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order. *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b).

Certifying an interlocutory appeal under § 1292(b) is "limited to extraordinary cases in which extended and expensive proceedings probably can be avoided by immediate and final decision of controlling questions encountered early in the action." *Larson-White*, 2008 WL 5427783, at *1 (citing *State of Utah By and Through Utah State Dep't of Health v. Kennecott Corp*., 14 F.3d 1489, 1495 (10th Cir.) (citing S. Rep. 2434, 1958 U.S.C.C.A.N. at 5262), *cert. denied*, 513 U.S. 872 (1994)).

The Court does not find that an immediate appeal from any of the Court's non-dispositive orders could materially advance the ultimate resolution of this matter. The Court's rulings do not involve a controlling question of law on which there is substantial ground for difference of opinion. The Court thus declines to order certification of this case for interlocutory appeal.

Plaintiff has also filed a motion for leave to proceed on appeal in forma pauperis (Doc. 56) and a motion for appointment of appellate counsel (Doc. 57). Because Plaintiff's motion to appeal in forma pauperis fails to attach the required financial information and because the Court finds that the appeal is not taken in good faith, the Court denies Plaintiff's motion. 28 U.S.C. § 1915(a)(2) and (3).

Plaintiff's motion for appointment of counsel is likewise denied. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). The Court finds that appointment of counsel is not warranted.

The Court warns Plaintiff that this case is not automatically stayed by an interlocutory appeal. Thus, the December 23, 2019 deadline set by the Court for Plaintiff to either file a proper amended complaint as directed by the Court in Doc. 41, or to show good cause why this action should not be dismissed without prejudice pursuant to Rule 41(b) for failure to prosecute as set forth in Doc. 42, remains in effect.

**IT IS THEREFORE BY THE COURT ORDERED** that the Court declines to certify Plaintiff's interlocutory appeal (Doc. 55).

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to appeal in forma pauperis (Doc. 56) and motion to appoint appellate counsel (Doc. 57) are **denied.**

**IT IS SO ORDERED**.

**Dated December 3, 2019, in Topeka, Kansas.**

                                        **s/ Sam A. Crow**
                                        **SAM A. CROW**
                                        **Senior United States District Judge**