# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

WILLIAM R. HOLT,

      **Plaintiff,**

      v.                             **CASE NO. 18-3284-SAC**

JOE NORWOOD, et al.,

      **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  On May 15, 2019, this matter was dismissed without prejudice under Fed. R. Civ. P. 41(b).  (Docs. 46, 47.) On November 25, 2019, the Court granted Plaintiff's request to reopen this case.  (Doc. 54.) Defendants have filed a Motion to Reconsider (Doc. 61) the Court's order reopening this case. Plaintiff has filed a response to the motion to reconsider, as well as a Motion for Additions to the Record, Renewed Motion to Appoint Counsel, Motion for Discovery, and Motion for Extension of Time (Docs. 62, 63).  In their Motion to Reconsider, Defendants argue that Plaintiff's five-month delay in challenging the dismissal was unreasonable; Plaintiff did not establish any just ground for relief from the judgment as required by Fed. R. Civ. P. 60(b); and that Plaintiff is proceeding *in forma pauperis* in violation of the three strikes rule.

In the Court's Memorandum and Order entered on December 21, 2018, the Court provisionally granted Plaintiff's motion to proceed *in forma pauperis*, subject to Plaintiff providing the financial information as directed in the Court's Notice of Deficiency.  (Doc. 13, at 3.)  Plaintiff provided his financial information on January 3, 2019.  (Doc. 15.)

After the Court reopened this case, Plaintiff filed a notice of appeal and sought permission to proceed *in forma pauperis* on appeal. The Tenth Circuit issued an order finding that Plaintiff is subject to the statutory requirement that he prepay the appellate filing fees, stating that:

> Before filing this appeal, Mr. Holt filed three or more civil actions or appeals, while incarcerated, each of which was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim on which relief could be granted: *(1) Holt v. Patty*, No. 17-3149-SAC (D. Kan. Oct. 31, 2017) (dismissing prisoner § 1983 complaint for failure to state a claim), *appeal dismissed for lack of prosecution*, Case No. 17-3243 (10th Cir.); *(2) Holt v. Werholtz*, No. 05-3205-SAC (D. Kan. June 14, 2005) (dismissing prisoner § 1983 complaint for failure to state a claim), *(3) appeal dismissed as frivolous*, No. 05-3260 (assessing another PLRA strike). *See Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172 (10th Cir. 2011); *Jennings v. Natrona Cty. Det. Ctr. Med. Facil.*, 175 F.3d 775, 780 (10th Cir. 1999).

*Holt v. Norwood*, No. 19-3259, Doc. 010110267883, at p.3 (10th Cir. Nov. 29, 2019). In the instant case before this Court, Plaintiff listed his 2017 case, but not his 2005 case, in response to the question on his form complaint asking if Plaintiff had begun other lawsuits "dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment?" (Doc. 1, at 7.)

These three strikes set forth in the Tenth Circuit's order were assessed prior to Plaintiff filing this case on November 16, 2018. Therefore, Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Accordingly, he may proceed *in forma pauperis* only if he establishes a threat of imminent danger of serious physical injury. *Id.* The Complaint presents no claim that Plaintiff was in danger of serious physical injury at the time of filing.

The Court can raise the three strikes issue *sua sponte*.  The Second Circuit in *Harris v. City of New York*, in affirming the district court's dismissal of plaintiff's suit on the grounds that he was in violation of the PLRA's three strikes rule, found that:

> Harris argues that even if § 1915(g) can be applied once a prisoner has been released, the three strikes rule is an affirmative defense that must be raised in the pleadings, and the defendants waived this defense by failing to bring Harris's multiple meritless suits to the district court's attention until almost two months after filing their answer to Harris's amended complaint.  As an initial matter, we note that Harris's "Prisoner Complaint" forms misrepresented how many strike suits he had filed prior to bringing the instant action.  Harris should not benefit from his own misleading submissions, and as an equitable matter, he may have waived this argument.  But we need not determine whether waiver applies because we conclude that the three strikes rule is not an affirmative defense that must be raised in the pleadings.  Other courts have reached the conclusion that district courts may apply the three strikes rule *sua sponte.  See Thompson v. Drug Enforcement Admin.,* 492 F.3d 428, 435–36 (D.C. Cir. 2007) ("[E]vidence showing the grounds for prior dismissals . . . must be produced either by the defendant challenging the prisoner's IFP status or, when readily available, by the court itself."); *Andrews v. King,* 398 F.3d 1113, 1120 (9th Cir. 2005) (stating that a prisoner can be "placed on notice of the potential disqualification under § 1915(g) by either the district court or the defendant").  This conclusion makes sense.  First, in addition to initial actions in the district court, the three strikes rule applies to appeals, where there are no pleadings, and so it is unlikely that Congress intended to require that it be raised as an affirmative defense.
>
> Moreover, although one of the PLRA's goals was protection of the corrections system, *see Ruggiero v. County of Orange,* 467 F.3d 170, 174 (2d Cir. 2006), an equally compelling purpose of the statute was to give district courts greater power to protect their dockets from meritless lawsuits, *see Ortiz v. McBride,* 380 F.3d 649, 658 (2d Cir.2004) ("[T]he purpose of the PLRA . . . was plainly to curtail what Congress perceived to be inmate abuses of the judicial process."); 141 Cong. Rec. S14408–01, *S14418 (daily ed. Sept. 27, 1995) (statement of Sen. Hatch) ("[The PLRA] will help bring relief to a civil justice system overburdened by frivolous prisoner lawsuits.").  To hold that the three strikes rule is waived unless raised by the defendant in the pleadings would strip the district courts of their ability to dismiss meritless suits.  Indeed, in his reply brief to this Court Harris concedes that a district court "retains the

> discretion to resolve" the question of whether the plaintiff already has three strikes against him, "*even if not raised by the parties.*" Reply Br. at 15 (emphasis added). We agree, and find that a district court can invoke § 1915(g) to dismiss a prisoner lawsuit even if the three strikes rule has not be[en] raised by the defendant in the pleadings.

*Harris v . City of New York*, 607 F.3d 18, 22–23 (2nd Cir. 2010); *see also Strope v. Cummings*, 653 F.3d 1271, 1273 (10th Cir. 2011) ("And although § 1915(g) is not jurisdictional . . ., we may raise the issue of strikes sua sponte.") (citations omitted).

Because the Court is now aware that Plaintiff is proceeding in violation of the PLRA, the Court will vacate the portion of its December 21, 2018 Memorandum and Order (Doc. 13) granting Plaintiff leave to proceed *in forma pauperis*. *See Benavides v. Federal Bureau of Prisons*, No. 10-0062 (RWR), 2010 WL 2574104 (D.C. Cir. June 18, 2010) (vacating order granting *in forma pauperis* and revoking plaintiff's *in forma pauperis* status); *Prophet v. Clark*, No. 1-08-00982-FJM, 2019 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (revoking order granting leave to proceed *in forma pauperis*); *Rambert v. Johnson*, No. 16-72 Erie, 2016 WL 6573855 (W.D. Pa. Nov. 7, 2016) (vacating order granting *in forma pauperis* status); *Davis v. Eslinger*, No. 6:07-cv-887-Orl-31DAB, 2007 WL 2714103, at *1 (M.D. Fla. Sept. 17, 2007) (vacating order granting leave to proceed *in forma pauperis* where court was unaware of the prior strikes when granting the motion); *Gilbert v. Mitchell*, No. 08-CV-816, 2008 WL 4780348, at *1 (E.D. Wis. Oct. 31, 2008) (finding that court was obliged to vacate its order granting motion for leave to proceed *in forma pauperis* where it came to the court's attention that plaintiff failed to disclose that he had accumulated three strikes); *Rambert v. Johnson*, CA. NO. 16-72 Erie, 2016 WL 4921089, at *2 (W.D. Pa. Sept. 15, 2016) ("In circumstances where a prisoner was improperly granted *in forma pauperis* status even though he has three strikes against him 'the proper remedy is to vacate the order granting IFP status,' require plaintiff to pay the filing fee, and if he fails to do so, 'dismiss the case with prejudice

for failure to prosecute."); *Martin v. Wallis*, No. 1:07-cv-175, 2008 WL 3471864, at \*6 (D. Vt. Aug. 12, 2008) (adopting recommendation to vacate *in forma pauperis* order and grant plaintiff 30 days to pay the filing fee); *Martin v. Zariwala*, No. 2:18-cv-270, 2019 WL 1449738, at \*2 (S.D. Ohio April 2, 2019), *adopted by* 2019 WL 1876874 (S.D. Ohio Apr. 26, 2019) and 2019 WL 3082983 (S.D. Ohio July 15, 2019) ("A court may revoke *in forma pauperis* status if the privilege of proceeding in this status is abused and require that the plaintiff pay the full fee.") (citing *In re McDonald*, 489 U.S. 180, 184 (1989); *Reneer v. Sewell*, 975 F.2d 258, 260–61 (6th Cir. 1992); *Gabel v. Hudson*, No. 2:14-cv-1057, 2014 WL 7183940, at \*1 (S.D. Ohio Dec. 16, 2014) (recommending that motion to vacate order granting *in forma pauperis* status be granted and that *in forma pauperis* status be revoked where plaintiff prisoner had accumulated three strikes), *adopted by* 2015 WL 224975 (S.D. Ohio Jan. 15, 2015) (requiring the plaintiff to pay the fee and warning that failure to do so may result in dismissal of the action for want of prosecution); *Armstrong v. Brunsman*, No. 1:12-cv-00132, 2012 WL 6057578, at \*1 (S.D. Ohio Dec. 6, 2012) (denying motion to proceed *in forma pauperis*, requiring prisoner plaintiff to pay full fee, and warning that the case will be dismissed if full fee is not paid)).

Pursuant to § 1915(g), Plaintiff may not proceed *in forma pauperis* in this civil action. Therefore, the Court's order granting Plaintiff leave to proceed *in forma pauperis* is vacated. Plaintiff is given time to pay the full $400.00 district court filing fee[1] to the Court. If Plaintiff fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914. If the fee is paid in full by the deadline, the Court will consider the remaining arguments in

---

[1] If a person is not granted *in forma pauperis* status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

Defendants' Motion to Reconsider (Doc. 61) and Plaintiff's Motion for Additions to the Record, Renewed Motion to Appoint Counsel, Motion for Discovery, and Motion for Extension of Time (Doc. 63).

**IT IS THEREFORE ORDERED BY THE COURT** that the portion of the Court's December 21, 2018 Memorandum and Order (Doc. 13) granting Plaintiff leave to proceed *in forma pauperis* is **vacated**. The remainder of the Memorandum and Order remains intact.

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **January 9, 2020,** to submit the $400.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

**IT IS SO ORDERED**.

**Dated December 18, 2019, in Topeka, Kansas.**


**s/ Sam A. Crow**
**SAM A. CROW**
**U. S. Senior District Judge**