# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

WILLIAM R. HOLT,

    **Plaintiff,**

    v.                                         CASE NO. 18-3284-SAC

JOE NORWOOD, et al.,

    **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On May 15, 2019, this matter was dismissed without prejudice under Fed. R. Civ. P. 41(b). (Docs. 46, 47.) On November 25, 2019, the Court granted Plaintiff's request to reopen this case. (Doc. 54.)

On December 18, 2019, the Court entered an Order (Doc. 65) finding that: Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g); he may proceed *in forma pauperis* only if he establishes a threat of imminent danger of serious physical injury; and his Complaint presents no claim that Plaintiff was in danger of serious physical injury at the time of filing. The Court found that the three strikes issue could be raised *sua sponte*, and vacated the portion of its December 21, 2018 Memorandum and Order (Doc. 13) granting Plaintiff leave to proceed *in forma pauperis*. The Court then granted Plaintiff until January 9, 2020, to submit the $400.00 filing fee.

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's December 18, 2019 Order. (Doc. 68.) Local Rule 7.3 provides that "[p]arties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed" and the "motion to reconsider must be based on: (1) an intervening change in controlling law;

(2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b).

Plaintiff has failed to present any of the grounds warranting reconsideration as set forth in Local Rule 7.3. Plaintiff merely argues that his prior cases dealt with different facts than the present case and that his case has merit. Plaintiff has not set forth an intervening change in controlling law or the availability of new evidence. Plaintiff has not set forth the need to correct clear error or to prevent manifest injustice. Plaintiff's motion for reconsideration is denied.

The Court will grant Plaintiff a short extension of time to submit the $400.00 filing fee as directed by the Court in the December 18, 2019 Order. Plaintiff is given time to pay the full $400.00 district court filing fee[1] to the Court. If Plaintiff fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914. If the fee is paid in full by the deadline, the Court will consider the remaining arguments in Defendants' Motion to Reconsider (Doc. 61); the Plaintiff's Motion for Additions to the Record, Renewed Motion to Appoint Counsel, Motion for Discovery, and Motion for Extension of Time (Doc. 63); and Plaintiff's Motion for Additional Arguments (Doc. 67).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 68) is **denied.**

**IT IS FURTHER ORDERED THAT** Plaintiff is granted until **January 24, 2020,** to submit the $400.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

---

[1] If a person is not granted *in forma pauperis* status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS SO ORDERED**.

**Dated January 10, 2020, in Topeka, Kansas.**

                                    **s/ Sam A. Crow**
                                    **SAM A. CROW**
                                    **U. S. Senior District Judge**