IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

WILLIAM R. HOLT,

    **Plaintiff,**

v.                                                                      CASE NO. 18-3284-SAC

JOE NORWOOD, et al.,

    **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's request to reopen his case (Doc. 79).

Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g); he may proceed *in forma pauperis* only if he establishes a threat of imminent danger of serious physical injury. The Court found that Plaintiff's Complaint presents no claim that Plaintiff was in danger of serious physical injury at the time of filing, and ordered Plaintiff to submit the filing fee. On January 27, 2020, the Court dismissed this case without prejudice under Fed. R. Civ. P. 41(b) for failure to submit the filing fee by the deadline. (Doc. 70.) On February 3, 2020, Plaintiff filed a Notice of Appeal (Doc. 72) and a motion for leave to appeal *in forma pauperis* and for appointment of appellate counsel (Doc. 73).

On February 4, 2020, the Court entered an Order (Doc. 76) denying Plaintiff's motion for leave to appeal *in forma pauperis*. The Court found that as a three-strikes litigant,[1] he is not entitled

---

[1] Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records fully establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." *See* **(1)** *Holt v. Patty*, No. 17-3149-SAC (D. Kan. Oct. 31, 2017) (dismissing prisoner § 1983 complaint for failure to state a claim), *appeal dismissed for lack of prosecution*, Case No. 17-3243 (10th Cir.); **(2)** *Holt v. Werholtz*, No. 05-3205-SAC (D. Kan. June 14, 2005) (dismissing prisoner § 1983 complaint for failure to state a claim), **(3)** *appeal dismissed as frivolous*, No. 05-3260 (assessing another PLRA strike).

to appeal without prepaying the appellate filing fee unless he shows imminent danger arising from the allegations raised in his Complaint or the appeal. The Court found that Plaintiff failed to show imminent danger of serious physical injury and denied leave to appeal *in forma pauperis*. On April 1, 2020, the Tenth Circuit Court of Appeals dismissed the appeal for lack of prosecution. (Doc. 78.)

On November 22, 2021, Plaintiff filed a document (Doc. 79) that the Court will consider as a request to reopen his case. Plaintiff suggests that he misunderstood that his case was closed and thought that if he submitted the fee at any time his case would restart. Plaintiff then suggests that a third party attempted to pay the fee on November 11 or 12, 2021, and that the Court should reach out to this third party for payment of the fee. Plaintiff then makes arguments regarding his underlying criminal case.

Plaintiff has not set forth any valid reason for reopening this case. This case was closed on January 27, 2020, and his appeal was dismissed on April 10, 2020. Over a year and a half later, he has filed a request to reopen his case, claiming that he misunderstood the effect of the dismissal and thought his case would go forward if he paid the fee at any time in the future. However, the orders entered in this case show otherwise.

This Court's Order at Doc. 65 provides that "[t]he failure to submit the fee by [the January 9, 2020 deadline] will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 65, at 6.) The Court's Order at Doc. 69 denied Plaintiff's motion for reconsideration and again provided that the failure to submit the fee by the deadline "will result in the dismissal of this matter without prejudice and without additional prior notice." (Doc. 69, at 2.) The Court's Order at Doc. 70 dismissed this action and provides that "[t]he time in which Plaintiff was required to submit the filing fee has passed without a response from Plaintiff. As a

consequence, the Court dismisses this action without prejudice pursuant to Rule 41(b) for failure to comply with court orders." (Doc. 70, at 2.) The Tenth Circuit Court of Appeals dismissed Plaintiff's appeal on April 10, 2020, stating in the order that:

> On March 4, 2020, this court held that the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), applies to this appeal; ordered William R. Holt to pay the full $505.00 appellate filing fee to the district court on or before March 25, 2020; and advised Mr. Holt that, if the district court did not receive timely payment in full of the appellate filing fee, this court would dismiss his appeal for lack of prosecution. *See* 28 U.S.C. § 1915(g); 10th Cir. R. 3.3(B), 10th Cir. R. 42.1.
> This matter is now before the court because Mr. Holt has not paid the full appellate filing fee to the district court. Accordingly, the court dismisses Mr. Holt's appeal for lack of prosecution. *See* 10th Cir. R. 3.3(B) and 42.1.

(Doc. 78, at 1.)

Based on the language in all of these orders, Plaintiff's argument that he believed he could submit the fee at any time in the future is not persuasive. Plaintiff has set forth no argument that would warrant reopening this case over a year and a half after it was closed. Plaintiff's request is denied, and this case remains closed. To the extent Plaintiff also requests the appointment of counsel, the request is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's request to reopen his case and for the appointment of counsel (Doc. 79) is **denied.** This case remains closed.

**IT IS SO ORDERED**.

**Dated November 24, 2021, in Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U. S. Senior District Judge**

3