IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM R. HOLT,**

    **Plaintiff,**

    v.    CASE NO. 18-3284-SAC

**JOE NORWOOD, et al.,**

    **Defendants.**

## ORDER

Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court on Plaintiff's motion to reconsider reopening his case (Doc. 81). Plaintiff filed a motion to reopen this case and for appointment of counsel on November 22, 2021. (Doc. 79). The Court denied the motion on November 24, 2021. (Doc. 80.) Plaintiff now asks the Court to reconsider its Order denying the motion.

In denying Plaintiff's motion to reopen, the Court noted that Plaintiff is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). This case was dismissed without prejudice on January 27, 2020, under Fed. R. Civ. P. 41(b) for failure to submit the filing fee by the deadline. (Doc. 70.) Plaintiff appealed and the Tenth Circuit Court of Appeals dismissed the appeal for lack of prosecution. (Doc. 78.)

In denying Plaintiff's motion to reopen, the Court noted Plaintiff failed to set forth any argument that would warrant reopening this case over a year and a half after it was closed. In his motion for reconsideration, Plaintiff argues that the issues in his case could provide a landmark decision, and that he is in danger at the Clay County Adult Detention Center ("CCDC"). Plaintiff then sets forth his conditions of confinement at the CCDC.

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60."  D. Kan. Rule 7.3(a). Because Plaintiff's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59.  *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can  establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments."  *Id*. at 929 (citation omitted).  "This interest in finality becomes even stronger when a district court has previously denied relief under Rule 59(e)."  *Id*. (citing *In re Stangel*, 68 F.3d 857, 859 (5th Cir. 1995) ("[T]he interest of finality requires that the parties generally get only one bite at the Rule 59(e) apple for the purpose of tolling the time for bringing an appeal.")). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.  *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004);

*Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Plaintiff does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Plaintiff sets forth arguments about his conditions of confinement at the CCDC. The CCDC is located in Liberty, Missouri, and any claims he has regarding his conditions of confinement must be brought in Missouri. In sum, Plaintiff has failed to meet the standard required for this Court to alter or amend its November 24, 2021 Order denying Plaintiff's request to reopen this case and appoint counsel, and that ruling stands.

Plaintiff's motion for reconsideration and to reopen his case is denied. Any further motions to reopen this case will be summarily denied.

**IT IS THEREFORE ORDERED** that Plaintiff's motion to reconsider reopening his case and to appoint counsel (Doc. 81) is **denied.** This case remains closed.

**IT IS SO ORDERED**.

Dated December 7, 2021, in Topeka, Kansas.

<u>s/ Sam A. Crow</u>
SAM A. CROW
U. S. Senior District Judge